# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AARON SLOAN, )
         Plaintiff, )
          ) Civil Action No. 10-205 Johnston
        v. )
GERALD L. ROZUM, et. al., )
         Defendants. )

## MEMORANDUM ORDER

This civil rights action was received by the Clerk of Court on August 9, 2010 and arises out of Plaintiff's incarceration at the State Correctional Institution at Somerset ("SCI-Somerset"). Plaintiff asserted various constitutional claims arising out of twelve (12) separate incidents that occurred between February 2009 and July 2010 relating to personal and legal property, mail, and library use during his confinement in the Restricted Housing Unit at SCI-Somerset. [ECF No. 7].

The matter was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. On December 22, 2011, Defendants filed a Motion for Summary Judgment. [ECF No. 77].[1] On December 29, 2011, the Magistrate Judge entered an Order directing Plaintiff to file a response to the Motion by January 26, 2012. [ECF No. 83]. The Magistrate Judge's Order explained the requirements of Rule 56 of the Federal Rules of Civil Procedure for responding to the Motion, and warned the Plaintiff that his failure to respond could result in the entry of a judgment against him. Id. Plaintiff did not, however, file a response or brief in opposition to the Motion in accordance with the Magistrate Judge's Order.

---

[1] Defendants previously filed a Motion to Dismiss that was dismissed by the Magistrate Judge as moot after the Plaintiff filed an Amended Complaint.

1

Magistrate Judge Baxter subsequently filed a Report and Recommendation on August 7, 2012, recommending that the Motion for Summary Judgment be granted. [ECF No. 90]. The parties were allowed fourteen (14) days from the date of service to file Objections and service was made on Plaintiff. Thereafter, Plaintiff filed a Motion for Reconsideration [ECF No. 91] on August 15, 2012, seeking additional time in which to respond to the Defendants' Motion. Plaintiff claimed that from June 2, 2011 until April 25, 2012, he had been prevented from litigating his case against the SCI-Somerset officials while he was under their control due to "fears of more harm coming to" him. [ECF No. 91] p. 1. The Magistrate Judge denied Plaintiff's Motion for Reconsideration on August 16, 2012. [ECF No. 92].

Plaintiff did not file Objections to the Report and Recommendation, nor did he file Objections to the Magistrate Judge's Order denying reconsideration. Thereafter, on September 5, 2012, we granted the Motion for Summary Judgment and adopted the Magistrate Judge's Report and Recommendation. [ECF No. 93].

On September 20, 2012, Plaintiff filed a Motion for Reconsideration [ECF No. 94], arguing that he failed to receive the Magistrate Judge's August 16, 2012 Order denying his request for reconsideration and accordingly, had not filed Objections. This Court entered an Order on October 10, 2012 directing that another copy of the Magistrate Judge's Order be mailed to the Plaintiff and allowed him to fourteen (14) days to file Objections. [ECF No. 96]. On October 31, 2012, Plaintiff filed Objections [ECF No. 97] and a Response was filed by the Defendants on December 14, 2012. [ECF No. 98]. This matter is now ripe for determination.

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010); <u>Max's Seafood Café by Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

2

Plaintiff argues in his Objections that he did not have the ability to pursue his claims in this action because he was "subjected to a reign of, inter alia, brutal assaults, threats & medical denials during this same time period. … A reign of which, compounded with yet another prison transfer and property loss, prevented Plaintiff from pursuing the claims and opposing the Motion for Summary Judgment." [ECF No. 97] p. 3.[2] As the Defendants point out, however, none of the alleged conduct prevented the Plaintiff from filing five other motions in this case during the same time frame. See [ECF Nos. 81, 82, 85, 86, 87].

Moreover, during the same time period Plaintiff had been vigorously litigating other cases before the Court. For example, in Docket No. 10-221, Sloan v. Sobina, Plaintiff filed eight pleadings, motions and/or appeals between December 2011 and March 2012, including a response and statement of facts in opposition to a partial motion for summary judgment motion filed by the Defendants in that case. See [ECF Nos. 32, 36, 42, 44, 45, 46, 47, 48]. Plaintiff also filed a new lawsuit on April 17, 2012, during the same time frame that he claims an inability to have prosecuted this case. See Docket No. 12-79, Sloan v. Coutts. We find that Plaintiff's filings in the instant case, coupled with his ability to actively litigate his other cases, completely undermines his claim that he was precluded from filing a response to the Defendants' Motion for Summary Judgment in this case. Accordingly, we find no basis under the above standard to grant Plaintiff his requested relief.

AND NOW, this 9th day of January, 2013;

IT IS HEREBY ORDERED that the Plaintiff's Objections [ECF No. 97] are OVERRULED.

---

[2] Plaintiff also argues that Defendants interfered with his incoming mail and appears to argue that the Magistrate Judge's previous determinations in this regard were in error. [ECF No. 97] p. 3. However, Plaintiff did not appeal any of the Magistrate Judge's determinations in this regard. See Text Order entered on January 25, 2012; [ECF No. 88].

                                                               s/    Sean J. McLaughlin
                                                                      United States District Judge

cm:    All parties of record
         Susan Paradise Baxter, U.S. Magistrate Judge